SOPHIA HOLLANDER, complainant-respondent,

*v.*

NORMAN N. GALE et al., defendants-appellants.

[Submitted May 27th, 1927.   Decided October 17th, 1927.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Ingersoll, whose opinion is reported in *100 N. J. Eq. 467.*

*Mr. Robert Peacock,* for the appellants.

*Messrs. Cassman & Gottlieb,* for the respondent.

PER CURIAM.

This is an appeal from a final decree of the court of chancery entered in a suit to foreclose a mortgage. The facts disclosed by the record are that Norman N. Gale, a builder, was desirous of obtaining on a property, which he had just completed, a mortgage. He was content to give his bond secured by a mortgage of $15,000 and to receive therefor $13,500. He applied to a company known as the Associated Realtors Company. A salesman of that company by the name of Baittinger entered into an agreement with one Sophia Hollander (the respondent), by which Mrs. Hollander was to purchase the bond of Gale secured by the mortgage of $15,000, and to pay to the mortgagee the sum of $13,500. Gale never met Mrs. Hollander in the transaction. In order to carry out the scheme Gale and his wife executed a bond and mortgage to one Thomas J. McHenry. McHenry was a dummy in the transaction. He never paid to Gale the $15,000 mentioned as the consideration of the mortgage. McHenry executed an assignment of the bond and mortgage to Mrs. Hollander. She paid $13,500 for the assignment. Gale

gave a written declaration of no set-off, declaring that there was due on the mortgage $15,000. He received indirectly the $13,500.

Gale failed to pay the interest on the mortgage and also failed to pay the taxes on the property. Mrs. Hollander then instituted the present suit to foreclose. Gale set up the defense of usury. The question involved was whether or not Mrs. Hollander was a party to the usurious transaction so that she was not entitled to the benefit under the mortgage of the full sum of $15,000.

The vice-chancellor who heard the case reached the conclusion that she took the precaution of a reasonably prudent person in purchasing the mortgage. Mrs. Hollander was a foreigner. She was not well versed in English. She had delegated to her daughter the management of her business affairs. The transaction was had with the Associated Realtors Company, Baittinger and a title company. Mrs. Hollander and her daughter understood that the mortgage was in existence and relied upon the representations made to them.

Upon a review of the testimony we have reached the conclusion that the facts found by the vice-chancellor are supported by the testimony. In our opinion the case was properly decided.

The decree of the court of chancery is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.